# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL LEE PHILLIPS,

    Petitioner,                                     CASE NO. 2:08-13032
                                                          HONORABLE PAUL D. BORMAN

v.                                                     UNITED STATES DISTRICT JUDGE

SHERRY BURT,

    Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Michael Lee Phillips, ("petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Mary Chartier, petitioner challenges his conviction for child sexually abusive activity, M.C.L.A. 750.145c(2); and using the Internet to commit child sexually abusive activity, M.C.L.A. 750.145d(2)(f). For the reasons stated below, the application for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Phillips,* No. 264889 (Mich.Ct.App. January 23, 2007); *reconsideration den.* April 4, 2007; *lv. den.* 480 Mich. 858; 737 N.W. 2d 750 (2007).

Petitioner now seeks habeas relief on the following grounds:

I. Mr. Philips is innocent and remains imprisoned solely because his due process
rights were violated when the government altered Mr. Phillips' computer hard
drive after it was in police custody and used this altered hard drive as the central

piece of evidence to convict him.

II. Mr. Phillips' due process rights were violated when he was entrapped and trial counsel did not seek an entrapment hearing after learning that the police officers' conduct did not comport with basic notions of due process.

III. Trial counsel provided ineffective assistance of counsel when he did not properly investigate Mr. Phillips' employment record and counseled Mr. Phillips to answer falsely on the stand and, thus, did not properly prepare Mr. Phillips for questioning at trial.

IV. Trial counsel was ineffective when he did not ensure that the expert witness critical to Mr. Philips defense was properly notified to appear in court.

V. The errors identified by Mr. Phillips show that the reliability of the jury verdict is seriously in question and that the trial resulted in a denial of the fundamental fairness guaranteed by the Constitution.

The Respondent has filed an answer, which is construed as a motion to dismiss on the ground that petitioner has failed to exhaust all of his claims in the state courts. *See Davis v. Lafler,* No. 2008 WL 1808823, * 1 (E.D. Mich. April 21, 2008).

## II.  Discussion

The instant petition is subject to dismissal because it contains four claims which have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and

unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In the present case, petitioner did not present his first, second, or third claims before the Michigan Court of Appeals on his direct appeal, raising them only for the first time in his application for leave to appeal with the Michigan Supreme Court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *See Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, n. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986).  Therefore, petitioner's failure to raise these three claims in his appeal to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the issues in his application for leave to appeal.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Because petitioner failed to present his first, second, or third claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977)*;See also Ellison v. Brown*, 16 F. 3d 1219, 1994 WL 43440, * 2 (6th Cir. February 14, 1994).  Because petitioner presented these three claims to the Michigan Supreme Court but not to the Michigan Court of Appeals, the claims have not been properly

3

exhausted with the Michigan courts.[1]

Additionally, although petitioner raised the ineffective assistance of counsel claim before the Michigan Court of Appeals that forms the basis of his fourth claim, petitioner did not raise the ineffective assistance of counsel claims that are contained in his second and third claims before that court. The mere fact that petitioner raised other ineffective assistance of trial counsel claims before the Michigan Court of Appeals would not satisfy the exhaustion requirement. The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990). Because the ineffective assistance of counsel claims contained in petitioner's second and third claims are different than the ineffective assistance of counsel claims that were presented during petitioner's appeal of right, these claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th

---

[1] In his petition, petitioner's counsel claims that these three claims were first raised in petitioner's motion for reconsideration before the Michigan Court of Appeals. A review of the motion for reconsideration, dated February 13, 2007 [Part of this Court's Dkt. # 6-6], does not show that any of these claims were raised in the motion for reconsideration. Petitioner's first claim, in fact, was based upon newly discovered evidence that was obtained in May of 2007, after petitioner's motion for reconsideration had been denied. *See* Application for Leave to Appeal to the Michigan Supreme Court, pp. 9-17[ Part of this Court's Dkt. # 6-7]. In any event, presenting additional issues to an intermediate state appellate court for the first time in a motion for rehearing does not constitute a fair presentation of claims for purposes of exhaustion. *Gunter v. Maloney,* 291 F. 3d 74, 81-82 (1st Cir. 2002); *Cruz v. Warden of Dwight Correctional Center,* 907 F. 2d 665, 669 (7th Cir. 1990); *See also Paredes v. Johnson*, 230 F. 3d 1359, 2000 WL 1206544, * 1-2 (6th Cir. August 18, 2000)(issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals unexhausted for purposes of federal habeas review); *Merkel v. White*, No. 2008 WL 4239497, *3 (E.D. Mich. September 11, 2008)(same).

Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)).

Moreover, although petitioner raised a claim of entrapment before the Michigan Court of Appeals, he did not raise a claim that counsel was ineffective for failing to request an entrapment hearing in his appeal of right. For purposes of the exhaustion requirement, an ineffective assistance of counsel claim is legally distinct from the underlying substantive claim incorporated into the ineffective assistance of counsel claim. *See White v. Mitchell,* 431 F. 3d 517, 526 (6th Cir. 2005). Because petitioner did not present his entrapment claim as an ineffective assistance of counsel claim on his direct appeal before the Michigan Court of Appeals, his second claim involving counsel's ineffectiveness in failing to move for an entrapment hearing is unexhausted for purposes of habeas review.

Finally, petitioner's fifth claim has not yet been raised before any state court.

Petitioner has an available state court remedy with which to exhaust these claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner can exhaust these claims by filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to

the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he is raising in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

If outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner fails to allege cause for his failure to exhaust his unexhausted claims. Therefore, the Court will dismiss the petition without prejudice rather than hold it in abeyance. *See e.g. Atkins v. Metrish,* No. 2007 WL 2812302, * 3 (E.D. Mich. September 26, 2007).

There is, however, an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth

Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, petitioner promptly filed his petition for writ of habeas corpus with this Court. Nor can this Court conclude that petitioner's claims are plainly meritless. For these reasons, this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from July 14, 2008, the date petitioner filed his petition, until petitioner returns to federal court. This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below.

### III. ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from July 14, 2008, the date that petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner returns to this Court to pursue habeas corpus relief within thirty days of the completion of his state post-conviction proceedings.

**SO ORDERED.**

                                                  S/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: March 10, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 10, 2009.

                                                S/Denise Goodine
                                                Case Manager